RILEY J. EARNEY, Defendant in Error, v. MODERN WOODMEN OF AMERICA, Plaintiff in Error.

St. Louis Court of Appeals, March 21, 1899.

**Fraternal Benevolent Association:** LIFE INSURANCE: PROOF: PRACTICE, TRIAL: In the case at bar a material fact in the defense was that an assessment payable on the first day of July, 1897, was levied or ordered by the board of directors of the defendant; held that there is no proof of such fact and the verdict is the only one that could have been rendered.

*Appeal from the Texas Circuit Court.*—HON. L. B. WOODSIDE, Judge.

AFFIRMED.

ROBERT LAMAR for defendant in error.

In order to establish a forfeiture, defendant must, as alleged in their answer, establish the fact that assessment number 5 was levied and ordered collected by their board of directors. The first fact in issue under the pleadings was whether or not this assessment was levied, for May, 1897. Without proof of such levy, notice to deceased, and failure to pay, would not work a forfeiture. There was no offer on the part of defendant in any way to show such levy. This is fatal to the establishment of a forfeiture. Hannum v. Waddill, 135 Mo. 153, loc. cit. 161; Agnew v. A. O. U. W., 17 Mo. App. 254; Niblack on Ben. Soc. [2 Ed.], secs. 250-252. A judgment will not be reversed because of the erroneous

exclusion of competent evidence when it could not, and should not, if admitted, have changed the result.    If the judgment is for the right party, it matters not that it was reached by a wrong conclusion.    Bank v. Hoeber, 88 Mo. 37; Itner v. Hughts, 133 Mo. 679, loc. cit 689-690; Stokes v. Burnes, 132 Mo. 214.

JAMES ORCHARD for plaintiff in error.

Our first contention is that the affidavit of the publisher of the official paper, "The Modern Woodman of America," should have been admitted as evidence showing the mailing of the paper to the assured, as the contract and by-laws provided that the affidavit of the publisher of said paper should be proof of said notice to the assured, and a contract of that kind is binding on the assured and also on the company. Stewart v. Supreme Council American Legion of Honor, 36 Mo. App. 319; Forse v. Sup. Lodge K. of H., 41 Mo. App. 106; Reichenbach v. Ellerbe, 115 Mo. 588; Bacon on Ben. Soc. and Life Ins., sec. 381.    The assured in this case accepted the policy and certificate of membership and agreed to be governed by the by-laws and constitution of the order, and although it might seem at first thought to be harsh, yet there must be some rule, and in this case the constitution and by-laws provided that the affidavit of the publisher of the Modern Woodman should be sufficient proof of the mailing of the paper.    The deceased had the right to make the contract; there is nothing illegal about it, and it is not contrary to public policy.    He was not bound to join; he was his own free moral agent, but if he did join defendant society, then he is bound by all the laws and regulations thereof.    Hannum v. Waddill, 135 Mo. 153 (see pages 158-9); Bacon on Ben. Soc., secs. 381, 81 and 116.

BIGGS, J.—The defendant is organized under the laws of the state of Missouri as a fraternal benevolent association

with an insurance feature. In January, 1897, Thomas P. Earney became a member of the order. On that day the defendant issued a certificate of insurance on his life for $1,000. Margaret A. Earney and Riley J. Earney, the plaintiffs herein, were named as equal beneficiaries. Thos. P. died August 9, 1897. Margaret A. assigned her interest in the insurance to the plaintiff. The present action is to recover the amount of insurance. The admissions of the defendant were sufficient to make a *prima facie* right of recovery against it. The answer set forth certain by-laws of the order to the effect that the members became liable to pay annual dues levied for the purpose of paying the expenses of their local lodges and also all assessments levied by the board of directors of the order; that the assessments were to be paid on or before the first day of the month following the levy and notice thereof; that if a member should fail to pay such dues and assessments when due, then such member should stand suspended and its certificate should be void during the continuance of the suspension. Continuing the answer averred that certain dues and an assessment which had been duly levied and of which Thomas P. Earney had legal notice, were due and payable on the first day of July, 1897, and which amounts Earney had failed to pay, by reason of which he became suspended as a member of the order and the certificate of insurance on his life rendered void. This defense was put in issue by the reply. At the conclusion of the testimony the court instructed the jury that there was no evidence to show that there was any local tax fund for dues at any time levied by the local lodge to which Earney belonged, and that there was no evidence to show that Earney had been notified of. the alleged July assessment. These instructions were equivalent to a direction to find for plaintiff, which the jury accordingly did. Judgment was rendered upon the verdict and the defendant has brought the case here on writ of error.

The correctness of the instruction concerning dues is not controverted in this court. It is insisted, however, that there was evidence that Earney had received notice of the July assessment, and therefore the instruction concerning the assessment was unwarranted. And the further complaint is made that the circuit court committed error in excluding the declarations of Earney tending to prove that he had received notice of the assessment. As to the mode and manner of notifying members of assessments the by-laws provide that notices of each assessment shall be published in a certain newspaper which is owned and published monthly by the society, and that a copy of this paper should be mailed to each one of the members at his last known postoffice address. There is also a by-law that provides, that the affidavit of the publisher of this paper as to the publication of notices and the mailing of the paper should be accepted as conclusive evidence that notices were published and that the papers were mailed as required by the laws of the order. To prove notice to Earney of the July assessment the defendant offered and read in evidence the affidavit of the publisher to the effect that the July assessment was published in the June number of the paper, and that he mailed a copy of the paper to Earney, directed to Cabool, his postoffice address. As evidence tending to prove that Earney had actually received notice of this assessment the defendant offered to show by witnesses that his attention was called to the July assessment, and that he had failed to pay it, and that he thereupon expressed an intention to sever his connection with the lodge. Both questions presented are interesting and there are authorities supporting both sides of the questions. We are not required, however, to pass on them for the reason that the defendant failed in its defense at a vital point, and therefore the judgment is for the right party however erroneous the rulings of the court may have been. A material fact in the defense was that an assess-

FAILURE of
proof.

ment payable on the first day of July, 1897, was levied or ordered by the board of directors of the defendant. The respondent asserts in his brief that there was absolutely no proof of this alleged fact, that there is nothing in the appellant's abstract of the evidence tending to refute the statement. We have also read the transcript, and if there is any such proof there, it has escaped our notice. Hence the assignments must be overruled for the reason that the verdict was the only one that could have been rendered, even though the rejected testimony had been admitted and considered by the jury. Stokes v. Burns, 132 Mo. 214. The judgment of the circuit court will be affirmed. All concur.

